## WILCOX v. WILCOX.

FRAUDULENT CONVEYANCES—MORTGAGES—EVIDENCE.

> *Held,* under the evidence on a bill in aid of execution, that the mortgages sought to be set aside were given in good faith and for a *bona fide* indebtedness, justifying a decree dismissing the bill.

Appeal from Jackson; Peck, J. Submitted October 21, 1903. (Docket No. 62.) Decided December 22, 1903.

Bill by Rena Wilcox against Homer Wilcox and others in aid of execution. From a decree dismissing the bill, complainant appeals. Affirmed.

*Blair, Smith & Townsend,* for complainant.

*Wilson & Cobb,* for defendants.

CARPENTER, J. May 13, 1898, an execution, issued to collect a certain judgment rendered in favor of complainant and against defendant Homer Wilcox, was levied upon the land in controversy. This suit was subsequently commenced in chancery to set aside several mortgages. Each of these mortgages was executed by defendant Homer Wilcox; and ran to one of his codefendants. The hearing was had in the court below on pleadings and proofs, and a decree rendered dismissing complainant's bill. The only questions raised on this appeal relate to three of the mortgages above referred to, viz., the mortgage running to Caroline Pinkerton (sister of defendant Homer Wilcox), the mortgage running to defendant Ella Slack (former housekeeper of defendant Homer Wilcox), and the mortgage running to Stanley Wilcox (son of defendant Homer). After this suit was commenced, and before the hearing, the first two of said three mortgages were assigned to defendant Stanley Wilcox.

It is a sufficient answer to all of complainant's contentions to say that, in our judgment, the testimony proves that these mortgages were good-faith securities, for a *bona fide* indebtedness, and that they were delivered. The issue is one of fact, and its discussion would serve no useful purpose.

The decree of the court below is therefore affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.